Concurring and Dissenting Opinion.
Nicholds, C. J.
The acts prohibited and made criminal by Act No. 25 of 1890 are prize fights, not as defined by professional pugilists, but' as commonly known and understood. This appears by the. very wording of the statute. Fights which would be prize fights in the popular acceptation of those words, should they take place outside of a club,.do not cease to be such, nor are they saved from criminality because they take place within the enclosures of an incorporated club, and held under its auspices. This will scarcely be *961 denied. Any construction of the statute, or any portion of the statute, which would lead up to and carry with it, as the result of the construction, that prize fights as commonly known are any less prohibited inside than they are outside of a club, is in my opinion wrong, would convert a prohibitory preventive statute actually into a permissive one, and defeat the object and purpose of the law, not only as ascertained from its language but as actually intended by those who took part in and were responsible for its enactment. Glove contests are referred to and permitted in the proviso of the statute, but whatever may be the technical meaning of those words and the technical character of those contests, those which are referred to in this statute, are necessarily those of such character, and entered into under such circumstances, as to keep the fighting all the time outside of prize fighting as understood by the people at large. If the glove contests, such as they were in this club, would have brought the contestants within the grasp of the statute had they taken place ■outside of the club, the same contests inside a club will not protect them — the mere place of exhibition and the patronage of a club does not legally save the situation. It is the popular idea of prize fighting and the common meaning of those words, and not the ideas of professional sportsmen, which are to control Courts in dealing with criminality in this matter. We are not dealing with prize fighting and glove contests technically, but from the standpoint from which the law directs us to view them; prize fights from the standpoint of what are so considered by the people at large, and glove contests as necessarily subordinated to prize fights as so viewed. I am of the opinion that testimony as to what constitutes prize fighting and what glove contests, in a technical sense, was irrelevant to the issue before the Court — that it should have been excluded, but that having been admitted it should carry no weight. I am of the opinion that the contests which have been permitted to take place in the Olympic, fall under the prohibitory terms of the law, and that their further continuance should be checked by injunction. I do not think the charter' of the club should be forfeited. I concur in part with, and dissent in part from, the decision rendered.